(No. 19037.—

THE WHITE STAR MOTOR COACH LINES OF ILLINOIS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HELEN E. EHNLE, Defendant in Error.)

*Opinion filed June 19, 1929—Rehearing denied October 14, 1929.*

HEARD and DIETZ, JJ., dissenting.

GEORGE C. BLISS, and JOHN E. CASSIDY, for plaintiff in error.

GEORGE B. SUCHER, (W. H. MOORE, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Helen E. Ehnle, the widow of Daniel Ehnle, deceased, filed with the Industrial Commission a claim for compensation, alleging that on December 11, 1926, Ehnle, while

employed by the White Star Motor Coach Lines of Illinois, a corporation, suffered accidental injuries which resulted in his death. The arbitrator awarded the petitioner $14 per week for 267-6/7 weeks. On review the Industrial Commission approved the arbitrator's award. The circuit court of Peoria county confirmed the decision of the commission, and by a writ of error, allowed upon the employer's petition, the record is here for a further review.

The plaintiff in error, the White Star Motor Coach Lines, operates motor busses to and from the city of Peoria. On the morning of December 11, 1926, Daniel Ehnle and Henry Baker, employed by the plaintiff in error as mechanic and motorman, respectively, were found in a motor bus, which stood in the company's garage at Peoria, unconscious from carbon monoxide poisoning. The doors and windows of the bus and the garage were closed and the engine of the bus was running. Both Ehnle and Baker died shortly after their discovery, without regaining consciousness. The facts are stated at length in *White Star Motor Coach Lines* v. *Industrial Com.* (*ante,* p. 117,) and need not be repeated. It was there found that Baker's accidental death did not arise out of and in the course of his employment, and the arbitrator's award, approved by the commission and confirmed by the circuit court, was set aside. Since the facts in the two cases are the same the opinion in that case is decisive of this one.

The judgment of the circuit court is reversed and the award is set aside.

*Judgment reversed and award set aside.*

HEARD and DIETZ, JJ., dissenting.